# United States Bankruptcy Court
## Western District of New York

In re    **Mary B. Kuehn**                Case No. _____

                                                  Debtor(s)       Chapter    **13** _____

## CHAPTER 13 PLAN

1. <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$285.00** per month for **60** months.

   Total of plan payments: **$17,100.00**

2. <u>Plan Length</u>: This plan is estimated to be for **60** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

   d. Plan Payments to begin on:    **30 days of filing**    .

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
   (1) Trustee's Fee:    **Amount to be determined by the Office of the U. S. Trustee.**
   (2) Attorney's Fee (unpaid portion):    **$1,800.00 to be paid through plan in monthly payments**
   (3) Filing Fee (unpaid portion):   **NONE**

   b. Priority Claims under 11 U.S.C. § 507

   (1) Domestic Support Obligations

        (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

        (b) The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

        **-NONE-**

        (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   | Creditor (Name and Address) | Estimated arrearage claim | Projected monthly arrearage payment |
   |---|---|---|
   | **-NONE-** | | |

        (d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

        Claimant and proposed treatment:    **-NONE-**

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

(2) Other Priority Claims.

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| **Internal Revenue Service** | **3,685.73** | **0.00%** |

c.  Secured Claims

(1) Pre-Confirmation Adequate Protection Payments.  Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below.  Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim.  The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Name | Description of Collateral | Pre-Confirmation Monthly Payment |
|---|---|---|
| **Auto Loan/Lease and Rental Management** | **2008 Chevrolet Equinox** | **204.00** |

(2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

    (a) Secured Claims Subject to Valuation Under § 506.  The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a).  Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full.  Any remaining portion of the allowed claim shall be treated as a general unsecured claim.  Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name/Description of Collateral | Proposed Amount of Allowed Secured Claim | Monthly Payment | | Interest Rate (If specified) |
|---|---|---|---|---|
| **Auto Loan/Lease and Rental Management** **2008 Chevrolet Equinox** | **6,769.00** | **203.63** | **Mos 1-36** | **5.25%** |

    (b) Secured Claims Not Subject to Valuation Under § 506.  Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name/Description of Collateral | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

(3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

d.  Unsecured Claims
    (1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| **-NONE-** | | |

    (2) General Nonpriority Unsecured: Other unsecured debts shall be paid **11** cents on the dollar and paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

5.  The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor/Description of Collateral | Amount of Default to be Cured | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Case 2-14-20228   Doc 2   Filed 03/03/14   Entered 03/03/14 14:02:14   Desc Main
Document   Page 2 of 4

6.  The Debtor shall make regular payments directly to the following creditors:

| Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
| --- | --- | --- | --- |
| **-NONE-** | | | |

7.  The employer on whom the Court will be requested to order payment withheld from earnings is:
    **Debtor's Employer: Can Am Consultants, Inc.**
    **$65.77 to be deducted Weekly and remitted to the Trustee.**

8.  The following executory contracts of the debtor are:

**Rejected:**

| Other Party | Description of Contract or Lease |
| --- | --- |
| **-NONE-** | |

**Assumed:**

| Other Party | Description of Contract or Lease |
| --- | --- |
| **Jared Hirt** | **Residential lease** |

9.  Property to Be Surrendered to Secured Creditor

| Name/Description of Collateral | Amount of Claim | Description of Property |
| --- | --- | --- |
| **-NONE-** | | |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

| Name/Description of Collateral | Amount of Claim | Description of Property |
| --- | --- | --- |
| **-NONE-** | | |

11. Title to the Debtor's property shall revest in debtor **on confirmation of a plan.**

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:
    **Attorney fees shall be paid pro rata with the secured claims of depreciating personalty.**

Any provisions on the prior pages of this plan notwithstanding, the following provisions will be included as part of the plan:

(1)      Debtor(s) will not incur any new debts in excess of $500 except such debts as may be necessary for emergency medical or hospital care without the prior approval of the trustee or the court unless such prior approval was impractical and therefore cannot be obtained.

(2)      The provisions of the Plan bind the Debtor(s) and each creditor, whether or not such creditor has objected to, has accepted, or has rejected the plan.

(3)      A fee of $  **2,800.00**   is allowed the attorney for the debtor(s) herein for all services rendered in connection with this Plan, except as otherwise ordered and allowed by the Court.

(4)      All of the Debtor(s) wages and property, of whatever nature and kind and wherever located, shall remain under the exclusive jurisdiction of this Court; and title to all of the debtor's property, of whatever nature and kind and wherever located is hereby vested in the debtor during the pendency of these Chapter 13 proceedings pursuant to the provisions of 11 U.S.C. §1327.

(5)      Payments from the Plan funds will be made in the following order:
    a.      Filing fee to the Clerk of the  Court, U.S. Bankruptcy Court (if unpaid);
    b.      Retain at all times sufficient funds to pay all other accrued administrative expenses;
    c.      Monthly payments to secured claims;
    d.      Any domestic support obligations due and owing for which a claim has been filed;
    e.      The unpaid balance of the above described fee to the debtor's attorney;
    f.      Priority payments in full as allowed by the Court;

(6)      The balance of funds not retained for administrative expenses or used for payment of secured or priority claims shall be accumulated and distributed to unsecured creditors.

(7)      General unsecured creditors shall be paid a pro rata share of their claims as are finally determined by the Court notwithstanding the above.  The plan will not be deemed completed until the debtor(s) pay(s) three years worth of plan payments, unless allowed unsecured claims are paid in full.  No claims shall be allowed unless the creditor shall file a timely proof of claim.

(8)      Any claim timely and properly filed by a creditor arising from rejection of an executory contract(s) shall be allowed as if such claim had arisen before the date of the filing of the petition, subject to the right of the debtor or the trustee to object to the amount of the claim.

(9)      Upon conversion of this case to a case under another chapter, the failure of the debtor to honor bad funds negotiated by the Chapter 13 Trustee shall be deemed a willful failure to obey an order of this Court.

Date **March  3, 2014**                  Signature   **/s/ Mary B. Kuehn**

                                                                             **Mary B. Kuehn**

                                                                             Debtor

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy